FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 29 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ⟨Shy⟩                            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BOOKER T. WHITE, | Case No.  CV 13-02121 SVW (AN) |
| Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |
| v. | |
| DAVID LONG, Warden, | |
| Respondent. | |

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Booker T. White ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises three claims directed at a March 11, 2010 conviction in the California Superior Court for Los Angeles County. Petitioner was convicted of attempted voluntary manslaughter and assault with a deadly weapon, with great bodily injury and firearm enhancements, and was sentenced to 17 years in state prison (case no. BA350409).

For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

**A.    Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.    Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///

///

///

///

///

1        The face of the Petition and relevant state court records[1/] establish the following

2   relevant facts. Petitioner was convicted of the above offenses on March 11, 2010, and

3   sentenced on May 11, 2010. On January 24, 2011, the California Court of Appeal

4   affirmed the judgment (case no. B224492). The California Supreme Court then denied

5   review of the court of appeal's decision on March 30, 2011 (case no. S190384).[2/]

6   Petitioner has not alleged, and it does not appear, that he filed a petition for certiorari

7   with the United States Supreme Court. (Pet. at 2-3; state court records.)

8        Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment

9   became final on June 28, 2011, the ninetieth day after the state high court denied his

10  petition for review and the last day for him to file a petition for certiorari with the

11  Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of

12  limitations then started to run the next day, on June 29, 2011, and ended a year later

13  on June 29, 2012. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d

14  1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the

15  triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file

16  his pending Petition until March 19, 2013 -- 263 days after the expiration of the

17  limitations period.[3/] Accordingly, absent some basis for tolling or an alternative start

18

_____

19  [1/]   The Court takes judicial notice of records in the state appellate courts that

20  relate to this action, which are available on the Internet at

21  http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297
    F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state

22  court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676

23  F.3d 1172 (9th Cir. 2012).

24  [2/]   Petitioner states his petition for review was denied on April 30, 2011 (Pet.

25  at 3), but his state court records and own exhibits confirm it was actually March 30,
    2011. (Pet., Ex. D; state court records.)

26

27  [3/]   Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition
    is deemed to be filed on the date the prisoner delivers the petition to prison authorities

28                                                                        (continued...)

Page 3

1   date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is

2   time-barred.

3   **C.   Statutory Tolling**

4         AEDPA includes a statutory tolling provision that suspends the limitations

5   period for the time during which a "properly-filed" application for post-conviction or

6   other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v.*

7   *Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th

8   Cir. 2005). An application is "pending" until it has achieved final resolution through

9   the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct.

10   2134 (2002). Further, on state collateral review, "intervals between a lower court

11   decision and a filing of a new petition in a higher court," when reasonable, fall "within

12   the scope of the statutory word 'pending'" thus tolling the limitations period. *Id.* at

13   221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006).

14         The Petition and relevant state court records establish Petitioner filed three state

15   habeas petitions, one in the superior court (case no. BA350409), one in the court of

16   appeal (case no. B243051), and one in the California Supreme Court (case no.

17   S206576). (Pet. at 4; state court records.) Petitioner represents that the first of those

18   petitions was turned over to prison authorities for mailing to the superior court on May

19   30, 2012,[4/] and was denied on July 12, 2012. (Pet. at 4; Ex. E.) His second state habeas

20   petition was filed in the court of appeal on August 7, 2012, and summarily denied on

21   _____

22      [3/]  (...continued)

23   for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule

24   3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary,

25   the Court finds Petitioner constructively filed the Petition by delivering it to the prison mail system on March 19, 2013, the date he signed the Petition, and the date on which

26   it appears it was received by the prison mail room.

27      [4/]   The mailbox rule also applies to *pro se* state habeas petitions. *See Stillman*

28   *v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

1   August 13, 2012. (State court records.) Given 75 days of tolling for the pendency of

2   both of these petitions, as well as the interval between them, the limitations deadline

3   was extended from June 29, 2012, to September 12, 2012.

4         Petitioner's third state habeas petition was filed in the California Supreme Court

5   on November 13, 2012 -- 92 days after his second state habeas petition was denied.

6   (State court records.) As a result, although "intervals between a lower court decision

7   and a filing of a new petition in a higher court," when reasonable, fall "within the

8   scope of the statutory word 'pending,'" thus tolling the limitations period, *Saffold*, 536

9   U.S. at 221, 223; *Chavis*, 546 U.S. at 192, in this case the 92-day interval was

10   "substantially longer than the '30 to 60 days' that 'most States' allow for filing

11   petitions, and [Petitioner has] offered no justification for the delay[] as required under

12   California law." *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding that

13   intervals of 115 and 101 days were unreasonable and did not qualify for statutory

14   tolling) (citations omitted); *see also Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010)

15   (holding that a 146-day interval was unreasonable). As a result, absent any persuasive

16   justification, the Court finds this delay is unreasonable, and Petitioner is not entitled

17   to statutory tolling for the interval between the denial of his second state habeas

18   petition in the court of appeal and the filing of his third state habeas petition in the

19   California Supreme Court.

20         Moreover, without interval tolling, Petitioner is also not entitled to any statutory

21   tolling for the pendency of his third and final state habeas petition in the California

22   Supreme Court because that petition was not filed until November 13, 2012, 62 days

23   after the extended limitations period expired on September 12, 2012. *Ferguson v.*

24   *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the

25   reinitiation of the limitations period that has ended before the state petition was

26   filed."); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A

27   state-court petition [] that is filed following the expiration of the limitations period

28   cannot toll that period because there is no period remaining to be tolled.").

Page 5

1   Regardless, Petitioner's last habeas petition in the California Supreme Court
2   was denied on January 23, 2013. (State court records.) Assuming without finding that
3   Petitioner had been entitled to statutory tolling for the *entire* period all three of his
4   state habeas petitions were pending, including the intervals between them, he would
5   be entitled to a total of 238 days (May 30, 2012 to January 23, 2013). In that case, the
6   original limitations deadline would be extended from June 29, 2012, to February 22,
7   2013. The pending Petition, constructively filed on March 19, 2013, would still be
8   untimely by 25 days even under this hypothetical scenario.

9   The face of the Petition, attached exhibits, and state court records establish that
10   despite receiving the statutory tolling to which Petitioner is entitled, his pending
11   Petition is still untimely.

12   **D.   Alternative Start of the Statute of Limitations**

13      **1.   State-Created Impediment**

14   In rare instances, AEDPA's one-year limitations period can run from "the date
15   on which the impediment to filing an application created by State action in violation
16   of the Constitution or laws of the United States is removed, if the applicant was
17   prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that
18   the statute of limitations was delayed by a state-created impediment requires
19   establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir.
20   2002). The Petition does not set forth any facts for an alternate start date of the
21   limitations period under this provision.

22      **2.   Newly Recognized Constitutional Right**

23   AEDPA provides that, if a claim is based upon a constitutional right that is
24   newly recognized and applied retroactively to habeas cases by the United States
25   Supreme Court, the one-year limitations period begins to run on the date which the
26   new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).
27   The Petition does not set forth any facts for an alternate start date of the limitations
28   period under this provision.

1    **3.    Discovery of Factual Predicate**

2    AEDPA also provides that, in certain cases, its one-year limitations period shall

3    run from "the date on which the factual predicate of the claim or claims presented

4    could have been discovered through the exercise of due diligence." 28 U.S.C. §

5    2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition

6    does not set forth any facts for an alternate start date of the limitations period under

7    this provision.

8    **E.    Equitable Tolling**

9    AEDPA's limitations period "is subject to equitable tolling in appropriate

10    cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). Specifically, "a

11    litigant seeking equitable tolling bears the burden of establishing two elements: (1)

12    that he has been pursuing his rights diligently, and (2) that some extraordinary

13    circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct.

14    1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

15    However, "[e]quitable tolling is justified in few cases" and "the threshold

16    necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions

17    swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting*

18    *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we

19    do not require [the petitioner] to carry a burden of persuasion at this stage in order to

20    merit further investigation into the merits of his argument for [equitable] tolling,"

21    *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply

22    developed, and where it indicates that the [alleged extraordinary circumstance did not]

23    cause the untimely filing of his habeas petition, a district court is not obligated to hold

24    evidentiary hearings to further develop the factual record, notwithstanding a

25    petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010);

26    *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the

27    record is sufficient to permit the district court - and us on appeal - to evaluate the

28    strength of the petitioner's [equitable tolling] claim, the district court does not

1    necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant

2    to Ninth Circuit Rule 36-3).

3         The Petition does not set forth any facts for equitable tolling.

4                   **O R D E R**

5         Based on the foregoing, the Court finds this action is untimely. Accordingly,

6    Petitioner shall have until **April 18, 2013**, to file a written response and show cause

7    why his Petition should not be dismissed with prejudice because it is time-barred. In

8    responding to this Order, Petitioner must show by declaration and any properly

9    authenticated exhibits what, if any, factual or legal basis he has for claiming that the

10    Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of

11    limitations should be tolled, or the start date extended.

12         **Petitioner is warned that if a timely response to this Order is not made,**

13    **Petitioner will waive his right to respond and the Court will, without further**

14    **notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

15         **Further, if Petitioner determines the Court's analysis is correct and the**

16    **Petition is time-barred, he should consider filing a Request For Voluntary**

17    **Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**

18

19         IT IS SO ORDERED.

20

21    DATED: March 29, 2013

22                              ARTHUR NAKAZATO
                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28